

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

Terenece J. Barnett,　　　　　　　　)
　　　　　　　　　　　　　　　　　　)
　　　　Plaintiff,　　　　　　　　　 )
　　　　　　　　　　　　　　　　　　)
　　　　　v.　　　　　　　　　　　　)　　Civil Action No. 13-1648
　　　　　　　　　　　　　　　　　　)
United States of America,　　　　　　)
　　　　　　　　　　　　　　　　　　)
　　　　Defendant.　　　　　　　　　)
　　　　　　　　　　　　　　　　　　)

MEMORANDUM OPINION

This matter is before the Court on review of plaintiff's *pro se* complaint and application to proceed *in forma pauperis*. The Court will grant plaintiff's application to proceed *in forma pauperis* and will dismiss this action for lack of subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3) (requiring the court to dismiss an action "at any time" it determines that subject matter jurisdiction is wanting).

Plaintiff is a federal prisoner suing the United States "concerning improper conduct of the trial judge to meet its burden . . . ." Compl. at 7. Plaintiff appears to challenge an order of the Superior Court of the District of Columbia issued on September 3, 1999, finding him in violation of a "stay-away order" that allegedly had "ended" on May 14, 1999. *Id.*; *see also id.* at 14. That finding seems to have had some bearing on a charge of murder brought against plaintiff "ten years later." *Id.* at 14. Plaintiff seeks $1 million in damages for false arrest, false imprisonment and constitutional violations. *Id.* at 20-21.

Plaintiff appears to have the mistaken impression that the United States and D.C. Superior Court are one entity. *See* Compl. at 4 (listing the United States as the sole defendant and "Superior Court of D.C." as its place of employment). Regardless, subject matter jurisdiction is wanting because the United States has not consented to be sued for constitutional torts, *FDIC v. Meyer*, 510 U.S. 471, 478 (1994), and plaintiff cannot otherwise maintain a tort claim against the United States without first exhausting his administrative remedies by "first present[ing] the claim to the appropriate Federal agency. . . ." 28 U.S.C. § 2675. By his own admission, plaintiff has not exhausted his administrative remedies under the FTCA, *see* Compl. at 3, and the FTCA's exhaustion requirement is jurisdictional. *See GAF Corp. v. United States*, 818 F.2d 901, 917-20 (D.C. Cir. 1987); *Jackson v. United States*, 730 F.2d 808, 809 (D.C. Cir. 1984); *Stokes v. U.S. Postal Service*, 937 F. Supp. 11, 14 (D.D.C. 1996). Therefore, this case will be dismissed. *See Abdurrahman v. Engstrom*, 168 Fed.Appx. 445, 445 (D.C. Cir. 2005) (per curiam) ("[T]he district court properly dismissed case [based on unexhausted FTCA claim] for lack of subject matter jurisdiction."). A separate Order accompanies this Memorandum Opinion.

Date: October __8__, 2013

_____
United States District Judge